# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
ALLAN P. CAPPS, BAR NO. 4939

No. 80269



**FILED**

JAN 0 2 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER IMPOSING TEMPORARY SUSPENSION AND RESTRICTING HANDLING OF CLIENT FUNDS

This is a petition by the State Bar for an order temporarily suspending attorney Allan P. Capps from the practice of law, pending the resolution of formal disciplinary proceedings against him. The petition and supporting documentation demonstrate that Capps appears to have misappropriated client funds in excess of $220,000. Capps has not meaningfully responded to the State Bar's inquiry letter regarding his overdrawn client trust account.

SCR 102(4)(b) provides, in pertinent part:

> On the petition of bar counsel, supported by an affidavit alleging facts personally known to the affiant, which shows that an attorney appears to be posing a substantial threat of serious harm to the public, the supreme court may order, with notice as the court may prescribe, the attorney's immediate temporary suspension or may impose other conditions upon the attorney's practice.

In addition, SCR 102(4)(c) provides that we may place restrictions on an attorney's handling of funds.

20-00041

We conclude that the documentation before us demonstrates that Capps poses a substantial threat of serious harm to the public based on a recent pattern of misappropriation of client funds, and that his immediate temporary suspension is warranted under SCR 102(4)(b). We further conclude that Capps' handling of funds should be restricted.

Accordingly, attorney Allan P. Capps is temporarily suspended from the practice of law, pending the resolution of formal disciplinary proceedings against him.[1] Under SCR 102(4)(d), Capps is precluded from accepting new cases immediately upon service of this order, but he may continue to represent existing clients for a period of 15 days from service of this order. In addition, pursuant to SCR 102(4)(b) and (c), we impose the following conditions on Capps' handling of funds entrusted to him:

1. All proceeds from Capps' practice of law and all fees and other funds received from or on behalf of his clients shall, from the date of service of this order, be deposited into a trust account from which no withdrawals may be made by Capps except upon written approval of bar counsel; and

2. Capps is prohibited from withdrawing any funds from any and all accounts in any way relating to his law practice, including but not limited to his general and trust accounts, except upon written approval of bar counsel.

The State Bar shall immediately serve Capps with a copy of this order. Such service may be accomplished by personal service, certified mail, delivery to a person of suitable age at Capps' place of employment or

---

[1]Capps may request that this order of temporary suspension be dissolved or amended by filing a petition with this court as provided by SCR 102(4)(e).

residence, or by publication. When served on either Capps or a depository in which he maintains an account, this order shall constitute an injunction against withdrawal of the proceeds except in accordance with the terms of this order. *See* SCR 102(4)(c). Capps shall comply with the provisions of SCR 115.[2]

It is so ORDERED.[3]

_____, C.J.
Gibbons

_____, J.
Hardesty

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Silver

cc:  Bar Counsel, State Bar of Nevada
     Allan P. Capps
     Executive Director, State Bar of Nevada

---

[2]This matter was originally docketed as confidential because a formal disciplinary complaint had not yet been filed. Since we are granting the petition, this matter is now public. SCR 121(5). This order constitutes our final disposition of this matter. Any new proceedings involving Capps shall be docketed as a new matter.

[3]The Honorable Lydia Stiglich, Justice, did not participate in the decision of this matter.